UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC OLSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DARREN PEREZ,<br><br>　　　　Defendant. | Case No. 24-cv-03697-EJD (VKD)<br><br>**ORDER RE JULY 10, 2025 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 63 |

　　　　Third-party intervenor World Financial Group Insurance Agency, LLC ("WFGIA") and plaintiffs Eric and Sandra Olson and Global Financial Impact LLC ("GFI") ask the Court to resolve a dispute concerning WFGIA's request for access to a complete copy of the transcript and video of defendant Darren Perez's deposition in this action and all exhibits to the deposition. Dkt. No. 63. The Court held a hearing on this matter on July 22, 2025. Dkt. No. 65.

　　　　On January 30, 2025, WFGIA filed a motion to intervene in this action. Dkt. No. 44. On March 10, 2025, the presiding judge granted in part the motion to intervene, as follows:

> The Court finds limited intervention by WFG to obtain discovery in this case appropriate in light of the substantial overlap of the factual issues in this case and the co-pending action involving WFG, Eric and Sandra Olson, and Global Financial Impact, LLC. *See Sandra Olson and Global Financial Impact, LLC v. World Financial Group Insurance Agency*, *LLC*, No. 5:24-cv-00477 (the "GFI Action").
>
> Accordingly, WFG's motion to intervene is **GRANTED IN PART**. ***Plaintiffs in this case shall provide WFG with discovery received to date that is directly relevant to issues pending in the GFI Action***. WFG shall also be permitted to attend future depositions in this case to the extent those depositions cover material directly relevant to issues pending in the GFI Action.

Dkt. No. 53 (emphasis added).

Unbeknownst to WFGIA or the presiding judge, while WFGIA's motion to intervene was pending, on February 19, 2025 plaintiffs took Mr. Perez's deposition. Dkt. No. 68-2 at ECF 2. During that deposition, plaintiffs marked three exhibits and Mr. Perez testified about all three. Dkt. No. 63 at 1. On April 11, 2025, plaintiffs provided WFGIA with a copy of Mr. Perez's deposition transcript but withheld one of the three exhibits, Exhibit 1. *Id.* at 5. Plaintiffs also redacted several lines of Mr. Perez's testimony about the contents of that exhibit. *Id.* According to plaintiffs, Exhibit 1 is a screenshot of a privileged communication between Mr. Olson and his attorney that Mr. Perez acquired without authorization after the Olsons terminated his employment. *Id.*; *see also* Dkt. No. 9 at 2-3.

In their discovery dispute letter, WFGIA and plaintiffs debate several issues, including: (1) whether WFGIA has "standing" to demand access to a complete and unredacted copy of the Perez deposition materials, (2) whether Exhibit 1 is a privileged communication and/or whether any such privilege was waived, and (3) whether the Court should conduct an *in camera* review of the disputed materials. *See generally* Dkt. No. 63. However, in the Court's view, this dispute may be resolved by applying and enforcing the terms of the March 10, 2025 order, which provides that WFGIA may receive discovery obtained in this case that is "directly relevant" to issues in the GFI Action.

WFGIA claims that "it is beyond peradventure" that the entirety of Exhibit 1 and Mr. Perez's testimony about it are directly relevant to issues in the GFI Action. *Id.* at 2. WFGIA's premise appears to be that the operative complaint in that action alleges that WFGIA used the privileged communication and other documents to tortiously interfere with GFI's business relationships. However, a careful reading of the operative complaint in the GFI Action suggests that the tortious interference claims are not based on WFGIA's access to or use of the contents of the privileged communication in Exhibit 1 but on other conduct, such as WFGIA's access to and use of confidential communications between GFI and insurance provider NLG, and its alleged efforts to prevent agents from working for GFI. *See GFI Action*, No. 24-0477, Dkt. No. 179 ¶¶ 109-116, 132-139. While the existence of Exhibit 1, the means used by Mr. Perez to obtain it,

2

and whether or under what circumstances it came to be in WFGIA's possession are certainly issues relevant to the allegations made by Ms. Olson and GFI in the GFI Action, *see id.* ¶¶ 78, 81, the Court is not persuaded that the contents of the privileged communication itself are "directly relevant" to any claim or defense in that action.

As WFGIA is entitled to receive discovery that is "directly relevant" to issues in the GFI action, it should be permitted access to Exhibit 1 and Mr. Perez's testimony about that exhibits sufficient to permit WFGIA to defend against Ms. Olson's and GFI's claims that Mr. Perez obtained Exhibit 1, without authorization, possibly at WFGIA's behest, and shared it with WFGIA or its agents. Thus, the Court orders plaintiffs to produce Exhibit 1 to WFGIA with only the specific privileged content redacted; plaintiffs may not redact from the document information that would ordinarily be disclosed on a privilege log, such as the portions of the document that show the sender, author, recipients, date, and general subject matter (e.g., a "re" line). Likewise, the Court orders plaintiffs to produce a copy of the transcript of Mr. Perez's deposition with only descriptions of the privileged content redacted; plaintiffs may not redact from the transcript information that would ordinarily be disclosed on a privilege log. The Court will not require plaintiffs to produce the video (in redacted form) of Mr. Perez's deposition at this time. If and when WFGIA identifies a need for the video in addition to the transcript, it may raise this issue with the Court, after first conferring with plaintiffs.

Plaintiffs must produce to WFGIA redacted versions of Exhibit 1 and Mr. Perez's deposition transcript, in conformity with the directions in this order, no later than **August 5, 2025**.

**IT IS SO ORDERED.**

Dated: July 28, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3